IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV86-1-MU

| | |
|---|---|
| CLAUDE VANCE COOLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Clarification (Doc. No. 4), filed August 20, 2007, and Petitioner's Motion to Reconsider (Doc. No. 5), filed September 4, 2008.

After trial by jury on April 28, 1992, Petitioner was convicted on Counts One and Four. Petitioner directly appealed his sentence and conviction; both were affirmed by the Fourth Circuit Court of Appeals on October 18, 1993. Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 which was dismissed on May 24, 2001. (5:97CV71.) Undeterred, Petitioner filed a Motion to Expurgate pursuant to 28 U.S.C. § 2241, arguing that his sentence and conviction must be overturned because this Court lacked jurisdiction to indict, convict, and sentence him under 21 U.S.C. §§ 841 and 846. On May 25, 2004, this Court construed Petitioner's § 2241 filing as a Motion to Vacate and dismissed it as successive. (5:04CV64.)

Petitioner next filed a motion pursuant to 18 U.S.C. § 3661, arguing that this Court should reduce his sentence because his sentence was erroneously enhanced using predicate state offenses and because he received ineffective assistance of counsel. (5:07cv5: Doc. No. 1.)

Noting that § 3661 does not provide an independent basis for a motion and that claims directly attacking a conviction or sentence were most properly construed as a Motion to Vacate, this Court construed Petitioner's § 3661 motion as a Motion to Vacate and dismissed it as successive. (5:07cv5: Doc. No. 2.) Petitioner then filed a Motion to Reconsider arguing that this Court improperly characterized his § 3661 Motion as a Motion to Vacate. (5:07cv5: Doc. No. 4.) The Court determined that in his Motion to Reconsider Petitioner had raised a claim alleging a defect in the collateral review process that was properly raised in a Motion to Reconsider but that he had also raised substantive arguments. Pursuant to <u>United States v. Winestock</u>, 340 F. 3d 200, 207 (4th Cir. 2003), this Court directed Petitioner to remove all substantive arguments from his Motion to Reconsider or have his Motion treated as a successive Motion to Vacate subject to summary dismissal. (5:07cv5: Doc. No. 5.) Despite this Court's clear warning, Petitioner filed an Amended Motion to Reconsider which continued to set forth substantive arguments. (5:07cv5: Doc. No. 6.) Consequently, this Court construed Petitioner's Amended Motion to Reconsider as a Motion to Vacate and dismissed it as successive. (5:07cv5: Doc. No. 7; 5:07cv85: Doc. No. 2.)

Petitioner has now filed a Motion for Clarification stating that he should be given another chance to present only proper claims in his Motion to Reconsider. ( Doc. No. 4). Petitioner was given clear instructions as to the need to raise only defective process claims. (5:07cv5: Doc. No. 5.) Petitioner failed to heed this Court's clear Order. Petitioner's Motion is denied.

Petitioner has also filed a Motion to Reconsider, (Doc. No. 5), asking this Court to reconsider it's August 8, 2007, Order, (Doc. No. 2), construing his July 30, 2007, filing, (Doc. No. 1), as a Motion to Vacate when he failed to delete the substantive claims from his Motion to Reconsider. Petitioner states that he just became aware of the Court's August 8, 2007, Order.

Interestingly, Petitioner's Motion to Clarify, (5:07cv86: Doc. No. 4), which was filed thirteen months prior to this Motion, was in response to the August 8, 2007, Order. Petitioner's present Motion to Reconsider is raising the same argument raised in his Motion to Clarify. For the reasons already stated, this Motion is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Clarification (Doc. No. 4) is **DENIED**; and

2. Petitioner's Motion to Reconsider (Doc. No. 5) is **DENIED**.

Signed: September 7, 2010

Graham C. Mullen
United States District Judge